# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID M. GEROUX,**

          **Plaintiff,**

**-vs-**                                                   **Case No. 6:05-cv-1837-Orl-28DAB**

**CITY OF OAK HILL, BRIAN E. MALLARD,**

          **Defendants.**

_____

## REPORT AND RECOMMENDATION AND ORDER

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO SET ASIDE DISMISSAL WITHOUT PREJUDICE (Doc. No. 12)** |
| **FILED:** | **January 12, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO STRIKE DEFENDANT BRIAN E. MALLARD'S MOTION TO DISMISS (Doc. No. 13)** |
| **FILED:** | **January 12, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:** **MOTION TO STRIKE PLAINTIFF'S REPLY [DOC. NO. 23] (Doc. No. 24)**
>
> **FILED:** February 8, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff is suing the City of Oak Hill and a former City police officer, Brian E. Mallard, for wrongful arrest arising from a traffic stop of Plaintiff on his motorcycle on October 19, 2001. Doc. No. 2. Plaintiff was administered several sobriety tests and eventually released from custody with only an allegedly undeserved speeding ticket. Doc. No. 2. Plaintiff filed suit in state court on October 10, 2005, and the City removed the case to this Court on December 12, 2006. Doc. No. 1.

Apparently, while Defendant Mallard was proceeding *pro se* he filed an answer in state court so that he would not be defaulted. Mallard has since obtained counsel, who "withdrew" the *pro se* answer and filed a motion to dismiss Plaintiff's § 1983 civil rights claims (Doc. No. 13) a few days after the City filed its own Motion to Dismiss (Doc. No. 3). Plaintiff failed to timely respond to the City's Motion to Dismiss by January 12, 2006, and Judge Antoon granted the dismissal without prejudice as unopposed. *See* Doc. No. 11. Within hours of the dismissal, Plaintiff filed a Motion seeking to have the dismissal vacated on the basis of inadvertent mistake or excusable neglect. Doc. No. 12.

Plaintiff's counsel erroneously believed he had sixty days in which to respond to Mallard's Motion to Dismiss. Plaintiff's counsel cites to several inapplicable timing rules except for the pertinent one, Local Rule 3.01(b) of the Middle District of Florida, which reads as follows:

> (b) Each party opposing any written motion or other application shall file and serve, within ten (10) days after being served with such motion or application, a brief or legal

> memorandum with citation of authorities in opposition to the relief requested. No other briefs or legal memoranda directed to any such written motion shall be filed or served by any party unless requested by the Court.

United States District Court for the Middle District of Florida, Local Rule 3.01(b). Plaintiff would have had an additional three days to respond because it was mailed. Fed. R. Civ. P. 6(e). "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a).

The Motion to Dismiss was served on December 19, 2005, according to Plaintiff's counsel, by mail. The Court was closed for two legal holidays during the pertinent period, December 26, 2005 and January 2, 2006. Thus, the response date would have been January 9, 2006 (the thirteenth day falling on a Saturday). Judge Antoon entered the dismissal order on January 12, 2006 (Doc. No. 11), and Plaintiff moved to reinstate his claims within hours of Judge Antoon's ruling, and only three days after the deadline for a response had passed.

The City's claims of prejudice are unavailing since the Motion to reinstate Plaintiff's claims against the City was filed within *three days* of the dismissal without prejudice, which was not on the merits, but merely because Judge Antoon believed it to be unopposed when Plaintiff failed to file a response. There has been no delay in the case or change in the City's legal position; it is no worse position than if the Court had allowed Plaintiff an additional week in which to respond to the City's Motion to Dismiss. Courts have generally held that a party should not be deprived of the opportunity to present the merits of the claim because of a technical error or slight mistake by the party's attorney. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 2858 at 272-73 (2d ed. 1995). The statute of limitations on Plaintiff's claims against the City has run and his claims would be barred forever if relief is not granted. Plaintiff's Motion to Set Aside the

Dismissal (Doc. No. 12) is **GRANTED**. The Clerk is directed to reinstate the motion to dismiss (Doc. No. 3) which will be considered on its merits along with Plaintiff's opposition thereto (Doc. No. 15).

However, the Court is alarmed at Plaintiff's counsel lack of knowledge of the Federal and Local Rules applicable in this Court as well as the waste of judicial resources and opposing counsel's time spent dealing with Plaintiff's counsel's lack of knowledge of the Rules. **The Court finds appropriate a sanction of $250 payable to the City for reimbursement of attorney's fees incurred in preparing a response to the Motion to Set Aside.** In addition, Mallard's Motion to Strike Plaintiff's Reply brief is **GRANTED** because such briefs are also prohibited by Local Rule 3.01(b) cited above.

Although quick to seek equitable relief for his own mistakes, Plaintiff's counsel is unforgiving of those of Defendant Mallard who was originally appearing *pro se* in state court when he filed his own Answer on December 12, 2005. *See* Doc. No. 20 ¶ 3. Counsel began representing Mallard ten days later on December 22, 2005, withdrew Mallard's *pro se* Answer[1], and filed a Motion to Dismiss the same day. Doc. Nos. 6-8. Officer Mallard's entitlement to qualified immunity is an issue to be decided early in the case before discovery proceeds. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) ("until the threshold immunity question is resolved, discovery should not be allowed."); *Crawford-El v. Britton,* 523 U.S. 574, 597-98 (1998) ( "the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings."). Mallard's Motion to Dismiss will not be stricken, as this would frustrate the early-determination of

---

[1]Mallard's Answer was a general denial: "I deny any and all allegations made by Mr. Geroux in this lawsuit, and I will contest them in court." Doc. No. 13 ¶ 2. The Answer itself is not part of the official docket of this Court, although its existence appears to be undisputed by the parties.

qualified immunity and related issues.  Plaintiff's Motion to Strike Defendant Brian E. Mallard's Motion to Dismiss (Doc. No. 13) is **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 10, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy